Maton et al. *v.* The People.

*Decre affirmed.*

---

EDWARD J. MATON et al., Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

In the Recorder's court for the city of Chicago, on application for change of venue, the recorder may inquire into the circumstances of the case, as to whether the causes alleged exist or not; he is vested with a sound discretion

Maton et al. *v.* The People.

in the matter, and error cannot be assigned upon a decision made in the exercise of this discretion.

Where several persons are jointly indicted, they cannot, as a matter of right, have separate trials; this allowance is in the discretion of the court, and cannot be assigned for error. The peremptory challenges of the accused are not abridged or affected by a joint trial.

This cause was heard before R. S. Wilson, Recorder, at March term, 1854, of the Recorder's Court for the city of Chicago.

A. S. Windett, for plaintiffs in error.

W. H. S. Wallace, for the people.

Treat, C. J. An indictment for robbery was found against Maton and four other persons, at the March term, 1854, of the Recorder's court of the city of Chicago. Maton entered a motion for a change of venue. He swore that the minds of the inhabitants of Chicago were greatly prejudiced against him, and that he could not receive a fair and impartial trial from a jury selected from the city. The court overruled the motion. Maton then moved the court for a separate trial. In support of this motion, he swore that " he is entitled, upon the trial of said indictment, to make ten peremptory challenges of jurors, as is also each of the said defendants; that it is not expedient or safe for him to join with the other defendants in their peremptory challenges, or in the defences which they will make upon the trial of said indictment; that the defence which this defendant will make upon the trial of said indictment, will be a different defence from that which will be made by the other defendants, as he is informed and believes; that this affiant fully expects that the evidence will show that if any such crime was ever committed, the other defendants were guilty of having committed the same, and not this affiant; this affiant doth further state, that a great prejudice and bias of mind exists in the minds of the inhabitants of said city against the said defendants, and a general belief that they are guilty of the several crimes charged against them in the said indictment; this affiant states that for the reasons aforesaid, he is advised by his counsel and believes true, that he cannot have a fair and impartial trial jointly with the other defendants." The court denied the motion. The defendants then pleaded not guilty, and were put upon their trial. During the progress of the trial, the court permitted the officers who arrested Maton to testify, that they found various articles in his house, such as pocket-books, porte-

monnaies, and carpet-bags, none of which belonged to the person upon whom the robbery was committed. At the instance of Maton's counsel, the court afterwards directed the jury to disregard this testimony. The defendants were convicted, and Maton sued out a writ of error.

1. Did the court err in refusing to change the venue? The " Act to establish the Recorder's Court of the city of Chicago," approved on the 12th of February, 1853, provides : " Changes of venue in all cases, civil or criminal, may be taken from said court to either the circuit court or the Cook county court of common pleas of said county, in all cases, when the party praying for such change of venue, or his attorney, shall make affidavit, that in his or her belief justice and a fair and impartial trial requires such change of venue, stating in such affidavit the particular facts and circumstances upon which such belief is founded, and the judge of said court being satisfied of the truth of such affidavit." According to the Revised Statutes, a party is entitled to a change of venue as a matter of right, upon making the requisite application. The facts sworn to by him are to be considered as true. The court has no authority to inquire into the truth of his statements. If he makes the application in due time, and swears to the existence of one of the causes specified in the statute, the court has no discretion to exercise, but is imperatively required to change the venue to some county or circuit in which the alleged cause does not exist. But the provision in question, is of a very different character. It only allows a change of venue to be taken to the other courts of the same county. And even that is not a matter of strict legal right. The recorder must be first " satisfied of the truth of such affidavit." He is not bound by the statements of the party. He may inquire into the circumstances of the case, and determine whether the cause alleged does in fact exist. He is vested with a sound discretion in the matter ; and error cannot be assigned upon a decision made in the exercise of this discretion. It was evidently the design of the legislature to exempt the recorder's court from the operation of the general statute, and confer upon it a discretion in applications for changes of venue. Whether the legislature acted wisely in making this discrimination, is not a question for the courts to decide. They must administer the law as it is written. The reason and consequences rest with the legislature.

2. Did the court err in refusing Maton a separate trial? The law on this subject is abundantly settled by the authorities. Where several persons are jointly indicted, they cannot insist upon separate trials as a matter of right; but the court, in its

Maton et al. *v*. The People.

discretion, may allow them to be tried separately.    They are to
be tried jointly, unless the court directs otherwise.    And error
cannot be assigned upon its refusal to grant them separate trials.
United  States  *v*.  Marchant,  12  Wheat.  480;  S.  C.  4  Mason,
158; United States *v*. Wilson, Bald. 78; United States *v*. Gibert,
2  Sum. 19;  Bixby  *v*. The  State, 6  Ohio, 41;  Hawkins *v*. The
State, 9  Ala. 137; The State  *v*. Soper, 16  Maine, 293;  The
State *v*. Smith, 2 Iredell, 402; The  State *v*. Yancy, 3 Brevard,
306.    By our statute, each defendant is entitled to a certain
number of peremptory challenges.    This right is in no respect
abridged or affected by a joint trial.    Each prisoner can chal-
lenge the full number of jurors, without regard to what may be
done by the others.    A juror challenged by one prisoner is en-
tirely withdrawn from the case.    The right of peremptory chal-
lenge is a right to exclude jurors, not to select them.    It enables
a prisoner to say who shall not try him, but not to select the
particular jurors by whom he will be tried.    On the case made
by Maton, the court might properly have allowed him a separate
trial, but its refusal to do it cannot be assigned for error.    The
application was addressed to the discretion of the court, and its
action  thereon  is  not  the  subject-matter  of  revision  in  this
court.

3.  Did  the  court  err  in  permitting  the  prosecution  to  prove
that certain articles of property, not connected with the robbery,
were found in Maton's house?    There is no occasion to pass
upon this question.    Even if the court erred in admitting the
testimony, the error was afterwards corrected by withdrawing
it from the consideration of the jury.    The court expressly
directed the jury to disregard this evidence, and we must pre-
sume that they obeyed the instruction.    It does not appear that
Maton was in the least prejudiced by its introduction.

The judgment must be affirmed.

*Judgment affirmed.*