FREDERICK W. MYERS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO RECORDER'S COURT OF CHICAGO.

The granting of a change of venue is a matter of discretion with the judge of the Recorder's Court, and error cannot be assigned on the refusal to grant the change, unless there has been a manifest abuse of its exercise. In this court, it is requisite the application should state the specific facts and circumstances which induce the apprehension that a fair and impartial trial will not be had.

An approver is one who confesses himself guilty of felony, and accuses others of the same crime, to save himself from punishment.

An exception to testimony, and the reasons for it, should appear in the bill of exceptions. If objection is made to the entire testimony of a witness, and a part of it is proper, the exception will fail.

The Recorder's Court has jurisdiction to try a larceny where the stolen property is found within the city.

THIS indictment at the October term, A. D. 1859, of the Recorder's Court of the city of Chicago, contains two counts for larceny.

" That Frederick W. Myers, John Haslett, and John Smith, late of said city, on the 10th day of June, in the year of our Lord one thousand eight hundred and fifty-nine, in said city of Chicago, in the county and State aforesaid, one sorrel mare, of the value of one hundred dollars, one other mare, of the value of one hundred dollars, the personal goods of John Mohr, then and there being found, did then and there feloniously steal, take and carry away, contrary to the statute, etc."

To this indictment, plaintiff in error, in proper person, plead not guilty.

On the 10th day of October, A. D. 1859, the plaintiff in error gave the State's attorney notice that he should make an application to said recorder of said court, for a change of venue in said cause.

On the 14th day of October, A. D. 1859, he filed in said court his petition, accompanied by his affidavit, praying for a change of venue. Said petition showed that plaintiff in error feared and believed that said recorder was prejudiced against him, and also the inhabitants of said city of Chicago and Cook county, were prejudiced against him, and also that he feared, on account of said prejudice, that he could not have and receive a fair and impartial trial before said recorder, in said Recorder's Court of said city, in said Cook county. The recorder overruled the motion, and refused to grant a change of venue.

A jury was called.

After the examination of other witnesses, one David Carpenter was called, who said: I went to Myers' house on the 4th day of

July, 1859 ; one night the heat troubled me, and I got up ; I saw Myers and Haslett mount their horses and start to run down a cow. Myers borrowed my hat. I started out to see what they were doing; went after them half a mile, where they had dismounted ; after they left, I found they had tied a cow to the fence. I lived with Myers three or four weeks. Haslett boarded with Myers. Smith lived at Bremen. Myers and his wife once started to visit Smith at Bremen. Smith stopped with Myers when he came to the city. I had no interview with any one but Myers in regard to stealing cows. Myers and myself stole a cow, and Haslett took her to Backus' stable. Myers and myself rode ; when we got to Backus' stable, Backus said he would not receive the cow from Myers ; so I led her into the stable and delivered her to him myself. I saw a horse at Myers' place, in his stable, when I first went there. Myers spoke to me about paint; I furnished some hair dye. Myers said that he had received a letter from Bremen, and that he had to make way with the mare. Gray, a police officer, asked me where the mare was, about a week or ten days before Myers was arrested. I told him that she was in Myers' barn. Myers told me that there was a chattel mortgage on the mare, and that he wanted to disguise her. I brought an ox to Myers' place one night. I awoke him and told him that I had stole it; he came out and considered it all right. Haslett and Smith had the mare before Myers had her, and they all told me that Myers bought the mare of Haslett. Myers and myself stole cows together, killed them, and brought them into the city and sold them ; the ox I got of Sherman, and the money was furnished by Bradley ; this ox was killed at Myers' stable and sold ; I tied the ox in the woods, and told Myers that I had stole it.

To the introduction of said Carpenter, as a witness, the defendant below objected ; objection overruled, and the defendant excepted.

To the testimony of said Carpenter, the said defendant objected ; objection overruled, and the defendant excepted.

The jury found the defendant guilty, and fixed the term of his imprisonment at seven years in the penitentiary.

Defendant's counsel moved in arrest of judgment, for a new trial, and for the prisoner's discharge, all of which were overruled.

The errors assigned are, that

Court erred in not changing the venue.

Court erred in overruling the defendant's objections made in the progress of the trial.

Court erred in allowing David Carpenter to testify in said cause.

Court erred in allowing the prosecutor, Carlos Haven, to introduce evidence of particular acts of the defendant, tending to prove a general bad character.

Court erred in allowing the prosecution to give evidence of another distinct offense, other than charged in the indictment.

Court erred in not arresting the judgment.

Court erred in overruling motion for new trial.

Court in taking jurisdiction of the cause.

Court erred in overruling defendant's motion to be discharged.

Court erred in trying the cause.

S. M. AND W. S. FELKER, and A. GARRISON, for Plaintiff in Error.

W. BUSHNELL, State's Attorney, for the People.

WALKER, J.  It is first urged that the court below erred in refusing to grant a change of venue.  The petition presented for that purpose fails to state the specific facts and circumstances which induced the applicant to fear that he should be unable to procure a fair and impartial trial before the court, or by the people of the county.  This is expressly required by the act regulating the practice in the court below.  It is not governed by the general act then in force on that subject.  The act also requires that the judge shall be satisfied of the truth of the affidavit.  This vests him with the right to exercise a sound discretion in such applications; and hence error cannot be assigned for refusing or granting the application, unless there has been manifest abuse in its exercise.  The court below is not governed by the general law regulating changes of venue, as was held in *Martin* v. *The People*, 15 Ill. 536.

It is likewise urged, that Carpenter was an approver, and for that reason was incompetent to give evidence, and that the court erred in admitting him as a witness.  The statute has expressly provided that an approver shall not give evidence, and if this objection is well taken, the judgment of the court below must be reversed.  Who then is an approver?  He is one who confesses himself guilty of felony, and accuses others of the same crime to save himself from punishment.  We are at a loss to perceive that this witness in any way confessed himself guilty of the larceny of the property, for which plaintiff in error was then being tried, or that he in any way accused him, for the purpose of saving himself of a conviction for that crime.  The fact that witness confessed that he had been guilty of other felonies, although it went to his credibility, did not constitute him an

approver. This objection is not well taken. See *Gray* v. *The People*, decided at this term.

It is again objected, that the testimony of this witness was improperly received. It is insisted in support of this assignment of error, that the witness was permitted to testify in reference to other larcenies committed by plaintiff in error, and this witness, and not set forth in the indictment. The objection as noted in the bill of exceptions, was to all of the testimony of this witness, and seems not to have been limited specifically, to the portion now claimed to have been improper. Had the objection been specific as to this portion of the evidence, the court would doubtless have prevented the witness from testifying, or if already received, on a proper motion it would have been excluded as irrelevant to the issue. The bill of exceptions fails to disclose whether the objection was made before or after the evidence was heard, or that a motion was interposed to exclude any portion. The objection was to the evidence of this witness, but the reasons do not appear in the bill of exceptions. That a portion of his evidence was proper, is, we think, undeniably true, and if so, the motion could not prevail, as it was directed to all of his testimony.

It is again urged, that the court had no jurisdiction of the cause. In support of this objection it is assumed that the evidence shows that the larceny, if committed at all, was not within the city of Chicago, but some miles beyond its limits. The evidence in this case clearly establishes the fact, that the property was found within the city, and in the possession of plaintiff in error. There is no evidence that he was at any time seen with the property in his possession beyond the city limits, and in the absence of proof to the contrary, we may infer that the larceny was committed in the city, as that was the place where he was found with it in his possession. It is a general rule that crimes are local, and that the offense must be proven to have been committed in the jurisdiction of the court, in which the accused is indicted, to warrant a conviction. To this rule, however, the crime of larceny seems to form an exception, and that the accused may be tried and convicted within the jurisdiction of the court in which he may be found in possession of the property. 1 Hawkins' Pleas, Cr. 151.

It has been said to be, because the title of the property is not changed, and the ownership in law draws to it the possession, that the felon is, during the whole time he has possession, guilty of a felonious trespass, as much as when it was first taken. He continues to steal, take and carry away the owner's property. This doctrine is sustained by the case of the *Com-*

*monwealth* v. *Culluns*, 1 Mass. R. 116; *Same* v. *Andrews*, 2 ib. 14. These cases hold that a larceny committed originally in one State, may be punished in another, where the felon is found in possession of the stolen goods. Whilst the rule announced by those decisions may have been doubted by other courts, we find that all the books agree that a person who commits a larceny in one county, may be tried and convicted in another in the same State, in which he may be found in possession of the goods. And we have no hesitation in saying that the same rule must apply to the jurisdiction of the court below, whose territorial limits is embraced within the State, and has ample jurisdiction to try the offense, and represents a Circuit Court to that extent, and would be held to have equally the power to try persons found in possession of property originally stolen beyond the limits of the city, as a Circuit Court has when the property is stolen beyond the limits of the county in which the court is held. The court below, therefore, had jurisdiction to try the cause, and the judgment must be affirmed.

*Judgment affirmed.*