Edgerton et al. v. Jones et al.

---

CHARLES A. EDGERTON et al., Ex'r., &c., vs. A. B. JONES et al.

The decision in *Dodge vs. Hollinshead,* 6 *Minn.,* 25, followed.

Where a married woman objects to signing a deed of real property and is thereupon addressed by her husband in harsh, threatening and abusive language (though not in the presence of the acknowledging officer) and immediately thereafter in the presence of her husband she acknowledges the same to be her voluntary act, &c., the presence of the husband is a coercive presence; the acknowledgment is not taken "separately apart" from her husband in the spirit and meaning of the statute, and the instrument is ineffectual to pass her interest in the land.

Errors assigned by the defendant in error, but not complained of by the plaintiff in error, will not be regarded.

This action was brought in the District Court of Scott County by the plaintiffs, against A. B. Jones, Mary M. Jones his wife, and others, to foreclose a mortgage purporting to be executed by defendants A. B. Jones and Mary M. Jones his wife. The only issues made in the pleadings material to the points decided, are in regard to the execution and acknowledgment of the mortgage by defendant Mary M. Jones.

The complaint alleges, among other things, that the mortgage was, on the 29th of October, 1856, duly executed, acknowledged and delivered by said defendants A. B. Jones and Mary M. Jones his wife, to plaintiffs' testator.

Defendant Mary M. Jones, in her answer, admits that she signed said mortgage, but says "that neither the signing of the mortgage aforesaid, or the execution thereof, was her free or voluntary act, nor has she at any time acknowledged to any person that the same was her voluntary act or deed; *    *    * *    *    * that she never has at any time been examined separate and apart from her husband in relation to the execution of said mortgage; that at the time of the execution and signing of said mortgage, one Hamilton Clark, Register of Deeds for said County, was present for the purpose of taking the acknowledgment of this defendant to the execution of said mortgage, that her said husband was also present and used undue influence and coercion towards and over this defendant to induce her to sign and execute said mortgage."

The reply denies any undue influence or coercion on the part of the husband, and alleges that the signing and execution of said mortgage was her voluntary act; that she was examined by the said Register of Deeds separate and apart from her said husband, and that she acknowledged that she executed the same freely and of her own accord, and without fear or compulsion from any one.

The cause was tried before a referee. On the trial the plaintiffs put in evidence the mortgage duly signed by said Jones and wife, attested by two witnesses, with a certificate of the acknowledgment of the same by said Jones and wife in the usual form, signed by said Register, with his official seal attached.

On the part of the defence a witness was then produced and sworn, whose testimony was offered for the purpose of proving that before said Mary M. Jones signed said mortgage she objected to signing the same; that her husband, in order to induce her to sign the same, used towards her harsh, threatening and coercive language; to which evidence the plaintiffs objected upon the following grounds:

"1. That said evidence is immaterial.

"2. That it is incompetent.

"3. That no proper foundation has been laid in the pleadings by allegations of fraud or otherwise to enable the defendants or either of them to contradict said official certificate by parol evidence."

Which objections were overruled by the Court. The plaintiffs excepted, and the evidence was admitted. It was further offered to prove by said witness that the examination of said Mary by the officer who made said certificate, was not separate and apart from her said husband, but was in his presence. The same objections were made by plaintiffs as before, which objections were overruled by the Court. The plaintiffs excepted, and the testimony was admitted. The finding of the referee so far as material to the points decided appears in the opinion of the Court. Judgment was entered pursuant to the decision of the referee. The plaintiffs sue out a writ of error and remove the cause to this Court.

W. K. GASTON for Plaintiffs in Error.

L. M. BROWN for Defendants in Error.

*By the Court*—BERRY, J.—The first error complained of is that the referee before whom this case was tried admitted parol testimony to contradict the official certificate of the acknowledgement of the mortgage to which this action relates. This identical question was before this Court in *Dodge vs. Hollinshead*, 6 *Minn.*, 25, and parol evidence was held to be admissible for that purpose. The case was fully argued, and an elaborate opinion delivered.

We acquiesce in the conclusion arrived at so far as the case at bar is concerned. It may be quite true that the construction there given to the statute will sometimes operate with great hardship upon an innocent purchaser; but so long as it is the policy of our law to guard the rights of married women by a peculiar form of acknowledgement, any construction which would preclude them from showing that the statements contained in the certificate were untrue, would operate with equal hardship upon their interests, and would render the statute a mockery. And if it be said that for a false certificate by which a married woman was prejudiced, she might have a remedy against the certifying officer, the answer is that the other party might have the same. The allegations in the answer of Mary M. Jones were sufficient to let in the parol evidence. The facts as she alleges them to be, were set out, and it was not necessary for her to go further and allege fraud, mistake or accident. In order to pass her interest in the property it was necessary for her to acknowledge the instrument of conveyance in the manner prescribed by law, for it is to be observed that in case of a married woman the statute is imperative in requiring an acknowledgement to render the conveyance effectual, while in regard to other grantors it is simply permissive. The question then is, did Mary M. Jones convey as the statutes authorized her to do? for as she derived all her power to convey from the statute, anything short of a compliance with statutory requirements would be ineffectual. The referee finds as facts, "that before the said Mary Martha Jones signed the said indenture of mortgage she objected to signing the same, and expressed her unwillingness so to do, but said objections were not made or such unwillingness expressed in the presence of said Gurdon H. Edgerton (the mortgagee), or of any person representing or acting for him, nor in the presence of the said Hamilton Clark, the said register of deeds (who took the acknowledgement), that when she so objected to executing the said mortgage, her husband used toward her harsh, threatening and abusive language, but not in the presence of the said Gurdon H. Edgerton or his agent, or the said officer, that immediately after her husband had used toward her said threats, he

and she entered the room where the said officer was waiting with the said mortgage, that she in the presence of her husband and the said officer, and Mary Elizabeth Jones, signed the mortgage, and it was witnessed by the said Hamilton Clark (the said officer) and the said Mary E. Jones; that the said officer there in the presence of her husband and the said Mary E. Jones, asked the said Mary Martha Jones if her signature to the mortgage was made or done voluntarily and of her own free will and accord, and she answered 'yes;' and that she did not otherwise, or at any other time or place, execute or acknowledge the execution of said mortgage." As a corresponding conclusion of law, the referee finds "that the said mortgage was not so executed and acknowledged by the said Mary Martha Jones, wife of said A. B. Jones, as to make the same legal or valid against her, or binding upon her title to or estate in the premises therein described, or intended to be." We think this is good law. The statute provides that " the acknowledgement of the wife shall be taken separately apart from her husband." No form of conveying is allowed to a married woman except on this condition. We shall not undertake to fully define the phrase " separately apart." But we have here a case in which it is not only found that the mortgage was signed and acknowledged by the wife in the presence of her husband, but that this was done immediately after she had expressed an unwillingness to sign the deed, and had thereupon been addressed by her husband in harsh, threatening and abusive language. Whatever other or further construction it may be necessary in a proper case to put upon the statute, it is clear that the object was to secure to the wife freedom of action, especially from the influence of her husband, in executing deeds of real property. We are clear that in this case his presence under the circumstances was not permitted by the statute. It was a coercive presence. The spirit and meaning and intention of the law were violated, and the mortgage and acknowledgement, as far as she was concerned, were properly held insufficient to pass her estate. On the point that the mortgagee, Gurdon H. Edgerton, was entirely ignorant and innocent in this matter, we think on grounds before stated that this

was not important. And further, he had no right to be ignorant of the manner in which the mortgage was executed and acknowledged. It ran to him. He was not obliged to take it or advance money on it. If he saw fit to do so without making prudent inquiry, it was his own misfortune. We believe that these views dispose of all the matters of error assigned by the plaintiff. Certain errors were also assigned in the points of the defendant in error which are not complained of by the plaintiff in error. We do not understand it to be the privilege of the defendant in error to take this course. If he desires that the judgment below should be examined on his own behalf, and on account of errors prejudicial to himself, he can have a cross writ. *Reynolds vs, Davis,* 2 *How. Pr. R.,* 104, *pr. Bronson, C. J.; Buckhead vs. Brown,* 5 *Hill,* 63; *Smith vs. Sackett,* 15 *Ill.,* 536. And under the present New York practice, in which the writ of error seems to have been in the main superseded by an appeal, it is held that only the objections which the *appellant* raises can be considered on appeal, unless upon a modification of the order or judgment appealed from it may become necessary to look at those raised by the respondent. *Robins vs. Codman,* 4 *E. D. Smith,* 315; *Rooney vs. Second Avenue R. R.,* 18 *N. Y.,* 368; *Bell vs. Holford,* 1 *Duer,* 71. In the latter case, Duer, Justice, says that the party by his omission to appeal from the judgment "has precluded himself from denying its justice or propriety. He has virtually assented to the judgment as it stands." The same principle would seem to apply to writs of error.

Judgment affirmed.