## ALVIN D. FAY

### vs.

## WILLIAM F. DAVIDSON, impleaded, &c.

Upon defendant's application a continuance was granted, defendant paying costs of term, to be taxed by clerk. The clerk taxed the costs and made the following entry :

"This cause having come before the District Court, at a regular term thereof, held at the court room in the city of Hastings, on the 19th day of June, 1866, and having been reached and called from the calendar in its order, defendant moved that said cause be continued until next term ; thereupon the Court ordered that the cause be continued, defendant paying costs of term to be taxed.

Fay v. Davidson.

"Now, on motion of James Smith, jr., Esq., attorney for plaintiff, it is ordered and adjudged by the Court, that the plaintiff, Alvin D. Fay, recover of the defendants, Wm. F. Davidson and Harvey T. Rumsey, his costs, at this term of the District Court, taxed at twenty-six and forty-nine one-hundredths dollars, in said action.          G. S. Whitman, Clerk."

*Held*, That this is, in effect, an order for the payment of the costs under *sec.* 11, *page* 378, *and sec.* 19, *page* 627, *Pub. Stat.*, and no appeal lies from the same.

This is an appeal from the District Court of Dakota county. The appeal is taken by the defendant Davidson. The case is fully stated in the opinion of the Court.

Allis & Williams for Appellant.

Smith & Gilman for Respondent.

*By the Court*—Berry, J.—When this action was called for trial in the Court below, the defendant, who is here as appellant, moved for a continuance, and thereupon, in the language of the record, the " Court ordered the said cause continued until the next general term of this Court, defendant paying costs of this term, to be taxed by the Clerk." Upon a verified statement of the fees for witnesses for the term, the Clerk taxed the costs at $26.49. Whether notice of taxation was served upon defendant's attorneys, we are left in doubt. Upon the taxation the Clerk made the following entry, entitled of the action : " This cause having come before the District Court at regular term thereof, held at the Court-room, in the city of Hastings, on the 19th day of June, 1866, and having been reached and called from the calendar in its order, defendant moved that said cause be continued until next term ; thereupon the Court ordered that the cause be continued· defendant paying costs of term, to be taxed. Now on motion of James Smith, Jr., Esq., attorney for plaintiff, it is ordered

and adjudged by the Court, that the plaintiff, Alvin D. Fay, recover of the defendants, Wm. F. Davidson and Harvey T. Rumsey, his costs at this term of the District Court, taxed at twenty-six and 49-100 dollars, in said action.

G. S. Whitman, Clerk."

From this, which he claims to be a judgment in the action, the defendant appeals to this Court. By *section* 11, *page* 378, *Pub. St.*, as amended on *page* 244, *Laws* 1860, a Court is authorized to require the payment of the fees of witnesses as a condition of postponing a trial.

By *section* 19, *page* 627, *Ib.*, "Whenever an order for the payment of a sum of money is made by a Court pursuant to a provision of statute, the same may be enforced by execution in the same manner as if it was a judgment."

Evidently under these provisions of statute the Court in this case was authorized to order the defendant in this action to pay the costs taxed, and the payment could be enforced by execution.

The counsel for the appellant insists that " the judgment in this case was wholly unauthorized and erroneous," and again that " there is no authority for such a judgment." If there was anything wrong about the taxation on account of want of notice, or for any other reason, the remedy was by application to the Court below. *Hurd vs. Simonton*, 10 *Minn.*, 427. But as we understand the counsel his objection is that the entry made by the clerk was a *judgment* and not a simple order. What this entry is, and what its object is, are perfectly apparent upon its face. There is no possible chance for mistake about it. By whatever name it may be called, it amounts to an order for the payment of taxed the costs and nothing more, and from such an order no appeal lies.

The appeal is dismissed.