(No. 30828.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER DEVORE, Plaintiff in Error.

*Opinion filed January 19, 1949.*

WALTER DEVORE, *pro se.*

George F. Barrett, Attorney General, of Springfield, (Ivan J. Hutchens, State's Attorney, of Decatur, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

The plaintiff in error, on a plea of guilty to an indictment charging larceny of a motor vehicle, was sentenced to the penitentiary for a period of one to ten years. He has sued out this writ of error, contending that the indictment fails to charge a violation of a criminal statute of the State of Illinois, and that the circuit court was therefore without jurisdiction to enter the judgment.

In so far as it is material the indictment reads as follows: "The Grand Jurors, chosen, selected and sworn, in and for the County of Macon, in the State of Illinois, in the name and by the authority of the people of the State of Illinois, upon their oaths present, that Walter Eugene Devore late of the County of Macon and State of Illinois, on to-wit: the Thirty First day of December in the year of our Lord One Thousand Nine Hundred and Forty Seven at and in the City of Miami, County of Dade and State of Florida, did then and there unlawfully and feloniously take, steal and drive away a motor vehicle, to-wit: a Plymouth automobile, then and there the property of A. B. Christopher, doing business as Christopher Motors, and did then and there bring the automobile aforesaid into the State of Illinois, and said automobile aforesaid was driven into the County of Macon in the State of Illinois contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the said people of the State of Illinois."

In *Myers* v. *People,* 26 Ill. 173, we observed "It is a general rule that crimes are local, and that the offense must be proven to have been committed in the jurisdiction of the court in which the accused is indicted, to warrant a conviction. To this rule, however, the crime of larceny seems

to form an exception, and that the accused may be tried and convicted within the jurisdiction of the court in which he may be found in possession of the property. (1 Hawkins' Pleas, Cr., 151.) It has been said to be, because the title of the property is not changed, and the ownership in law draws to it the possession, that the felon is, during the whole time he has possession, guilty of a felonious trespass, as much as when it was first taken. He continues to steal, take and carry away the owner's property. This doctrine is sustained by the case of the *Commonwealth* v. *Culluns,* 1 Mass. 116; *Same* v. *Andrews,* 2 id. 14. These cases hold that a larceny committed originally in one state may be punished in another, where the felon is found in possession of stolen goods."

It is provided by statute that "Where property is stolen in another state or county, and brought into this state, or is stolen in one county of this state and carried into another, the jurisdiction shall be in any county into or through which the property may have passed, or where the same may be found." (Ill. Rev. Stat. 1947, chap. 38, par. 707.) In construing this language we have heretofore said that it "is simply declaratory of the common law on the same subject. Larceny, under the laws of this State, 'is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another.' The common law,—which contained the same definition of larceny,—seems to have regarded the felony as having been committed where the goods were feloniously stolen, but for the purposes of jurisdiction the offence was treated as having been committed within any jurisdiction into which the property was afterwards carried. The rule on this subject proceeds on the legal assumption that where the property has been feloniously taken, every act of removal may be regarded as a new taking and asportation. (3 Gray, 434.) That is the meaning of the statute of this State concerning jurisdiction in larceny cases." *Campbell* v. *People,* 109 Ill. 565, 570-571.

Jurisdiction over the offense being present, the only remaining question is whether the indictment sufficiently states the venue. In *People* v. *Flynn,* 302 Ill. 549, the defendant was convicted of larceny in the circuit court of Warren County. The indictment charged that "One James Flynn, * * * one set of double harness of the value of forty dollars, ($40,) the personal goods and property of Ed Sparrow, in the said county of Henderson being found, did then and there feloniously steal, take and carry away, and did then feloniously carry said set of double harness so stolen as aforesaid, into the said county of Warren and State of Illinois, where the same was thereafter found, all contrary to the form of the statute," etc. We there held that the indictment sufficiently alleged a larceny of the harness in Warren County. The present indictment is substantially similar in its allegations, and must therefore be held to have adequately stated a larceny in Macon County. No lack of jurisdiction having been shown, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*