### Jackson, ex dem. Feeter, *against* M. Sternberg.

EJECTMENT for land, in the town of *Danube*, in the county of *Herkimer*, tried at the *Herkimer* Circuit, in *June*, 1821, before Mr. Justice Platt.

The plaintiff claimed title to the premises in question, by virtue of a sheriff's sale, under a judgment and execution in favour of *Le Ray*, against *Peter Sternberg*, docketted *February* 16, 1811 ; and he gave in evidence the record of the judgment, and the execution and return thereof; and a deed from the sheriff to the lessor, dated *June* 26, 1819, in due form.

The defendant claimed title to the same premises by virtue of a deed from the sheriff on a sale under an execution in favour of *Le Ray*, against *Peter Sternberg*, on a judgment docketted *May* 16, 1810. He gave in evidence a record of the judgment, and the execution and return thereon; and a deed from the sheriff to him, in due form, dated *October* 13, 1817, acknowledged and recorded, and which recited the sale upon such judgment and execution.

The plaintiff then gave in evidence a record of a judgment in the Supreme Court in favour of *Marcus Sternberg*, against *Peter Sternberg*, docketted on the 9th of *May*, 1816, and a copy of the execution thereon. *P. Souls*, who was the under sheriff of *Herkimer* county in 1816 and 1817, testified, that he had in his hands the last mentioned execution, at the suit of *Marcus Sternberg* against *Peter Sternberg*, received by him *May* 14, 1816. That in the summer of 1817, he sold the personal property of *Peter Sternberg ;* and then, by direction of *John Eisenlord*, the sheriff, advertised his real estate, under several executions. That the sheriff,

*A sheriff's deed is, per se, evidence of title in the grantee ; and parol evidence is inadmissible to contradict the recital, or to show that the land was sold under a different judgment and execution than those recited in the deed ; though such evidence may be admitted to show a fraud in the sale : and it seems, that the sale and deed may be set aside on motion of the debtor, or a judgment creditor, on the ground of fraud.*

who had the execution at the suit of *Le Ray*, said that he should attend on the day of sale. At ·the day of sale, the witness waited more than an hour and a half, for the sheriff, and he not coming, the witness opened the sale, and he thought he read the advertisements publicly ; he told, in the presence of *M. Sternberg, P. Sternberg, N. Sternberg,* and others there attending, that he expected the sheriff there with the execution of *Le Ray,* but as he did not come, he should proceed to sell under the execution in his hands, in favour of *M. Sternberg* against *P. Sternberg,* and leave it to the sheriff to give a deed on which execution he saw fit. That *George Dominick* particularly asked him on what execution the witness intended to sell, and on being answered, replied, that he had come to bid for the property, if it were sold on *Le Ray's* execution; but if it was not to be sold on that execution, he did not wish to buy. The witness publicly stated, that he had no authority to sell on any other execution than the one in his hands, ·in favour of *M. Sternberg,* against *P. Sternberg.* That he accordingly set up the property for sale on that execution, and on no other; and the premises were struck off to *M. Sternberg,* the brother of the defendant. That *M. Sternberg* wanted the witness to give him a deed under *Le Ray's* execution, which the witness declined, and referred him to the sheriff. That they, afterwards, met the sheriff, and the witness explained to him the circumstances of the sale ; and the sheriff said he could not give *M. Sternberg* a deed under *Le Ray's* execution, unless *M. Sternberg* paid the money bid for the property to the sheriff, so that he could apply it on that execution. *M. Sternberg* then agreed to pay the sheriff the money, and accordingly paid him part of it, and took a receipt for the amount, on which the sheriff agreed to give him a deed on *Le Ray's* execution, on his paying the residue of the money. The sheriff directed the return to be made on the execution in favour of *M. Sternberg,* of 108 dollars and 11 cents, made on a sale of the personal property, dated *September* 18, 1817, which the witness signed ; and the reason why the sale of the real estate was not mentioned in the return, was, that the sheriff said that he applied the money arising from the sale of the real estate to *Le Ray's* execu-

tion, and should make a return of it on that execution. Several other persons, present at the sale, were called as witnesses, who confirmed, substantially, the statement made by the under sheriff. *Eisenlord,* the then sheriff, was also sworn as a witness.

NEW-YORK,
May, 1822.

JONES
v.
CLARK.

The parol evidence was admitted, subject to the opinion of the Court as to its admissibility and effect ; and a verdict was taken for the plaintiff, subject to the opinion of the Court on a case containing the facts above stated. The case was submitted to the Court, without argument.

*Per Curiam.* The *parol* evidence falls short of proving such *fraud,* on the part of the defendant, as would vitiate and annul the sheriff's deed to him, at law; and the evidence was inadmissible in any other view, for it contradicted the recital in the deed as to the particular execution on which the sale was made. (*Jackson* v. *Vanderheyden,* 17 *Johns. Rep.* 167.) The deed to the defendant is, *per se,* evidence of title in him. Judgment must, accordingly, be given for the defendant. But on a timely application by the creditor, *Le Ray,* or by the debtor, *Peter Sternberg,* or by any judgment creditor who is injured by the proceedings, we should, probably, set aside the sale and the sheriff's deed, if the facts stated in the case should remain uncontradicted and unexplained.

Judgment for the defendant.