B. W. WINSTON, Defendant in Error, v. BERNARD AFFALTER AND WILLIAM HAYNES, Plaintiffs in Error.

49  263
118  594

1. *Ejectment — Irregularities in proceedings affecting title may be investigated, when.*— In an ejectment suit, irregularities in the entry of a judgment or issue of an execution or mode of advertisement thereunder, in proceedings through which the parties to the ejectment suit derived title, but to which they were strangers, cannot be shown in evidence. Those errors are such as could only be looked into in a direct proceeding instituted for that purpose.

2. *Sheriff's deed — Relates back, when.*—Where sheriff's sale was made before the commencement of a suit in ejectment, but the deed was dated afterward, it relates back to the day of sale so as to vest the title in the purchaser from that time. This rule, however, does not hold where the rights of purchasers for a valuable consideration without notice intervene.

3. *Vendor's lien — Unpaid purchase-money — Land sold for — Title obtained.*— Where the vendor of land obtains judgment to foreclose his vendor's lien for the unpaid purchase-money, and sells the land thereunder, his title passes from him so that he cannot thereafter assert it; nor can those claiming under him.

*Error to Cole Circuit Court.*

*E. L. King & Bro.*, and *Lay & Belch*, for plaintiffs in error.

The sheriff's second deed to plaintiff was inoperative, being made after the institution of this suit. (11 Mo. 481; Tyler Eject. 75; 25 Ill. 537.) After the first deed the sheriff lost all power over the property, and nothing passed by the second. The sale under G. B. Winston's judgment — if there ever was one, which we deny — merely passed the latter's equity; and B. W. Winston, holding under him, could not sue in ejectment without first getting a decree in equity vesting in him the legal title. (21 Mo. 364; 33 Mo. 219; 24 How. 398; Wagn. Stat. 557, § 1; Tyler Eject. 62–3.) King's notice, if any, was merely notice of plaintiff's equity, which cannot avail him here. Ejectment can only be maintained upon a legal title and the right of possession. · (33 Mo. 219; 19 Mo. 425; 1 Iowa, 153; 13 Ohio, 260; 25 Ill. 537; 25 Verm. 564; 13 Wis. 472; 1 Houston, 178; 9 Iowa, 112; 13 Iowa, 453, 604.) A mere title bond does not give the right of possession. (7 Cow. 229; 9 Johns. 35; see also 19 Mo. 425; 13 Ala. 50.) Plaintiff in ejectment must rest on his title at the commencement of his suit. (25 Ill. 537; see also 26 Mo. 364.)

*Ewing & Smith*, for defendant in error.

I. The judgment of G. B. Winston against Jordan cannot be attacked collaterally for an irregularity. (Wales v. Bogue, 31 Ill. 464; Bonsall v. Isett, 14 Iowa, 309.) The judgment was conclusive between the parties to this suit.

II. It was no objection to the sheriff's second deed that he had already made a defective one. And the former, by relation, dated back to time of the purchase under the execution. The making of this deed in no way disturbed any rights of the defendants. (Alexander v. Betts, 9 Mo. 514; Hartt v. Rector & Dobbin, 13 Mo. 497; Crowley v. Wallace, 12 Mo. 143.)

III. At the time King purchased this land under execution against G. B. Winston, the said Winston had no vendible interest therein. He had by his voluntary acts parted with his title.

Certainly King could acquire no title unless he could show that he was an innocent purchaser without notice of plaintiff's title. But he had notice; hence the registration law will not avail him. (Ownsby v. Davis, 14 Mo. 170; Burke v. Seely, 46 Mo. 334.) Neither King nor those claiming under him with notice acquired anything by his purchase.

IV. Plaintiff had prior possession. This was sufficient to maintain ejectment against King's grantees with notice. (33 Mo. 172; 15 La. Ann. 76.) G. B. Winston, and those claiming under him with notice of the facts, would be estopped from denying the title of said B. W. Winston. This is a title by estoppel. (Tyler Eject. 74, 543; Stoddard v. Chambers, 2 How. 284; Garrett v. Lyle, 27 Ala. 586; Clark v. Diggs, 6 Ired. 159; Luter v. Rose, 20 Texas, 639; Snodgrass v. Ricketts, 13 Cal. 359; Taylor v. Zepp, 14 Mo. 482; Dezell v. Odell, 3 Hill, 215.)

V. The plaintiff could not be affected by any omissions of the sheriff to make the proper publication of the notice of sale, unless the plaintiff participated in the occasioning such neglect of the sheriff for a fraudulent purpose, and that is not pretended. (Draper v. Bryson, 17 Mo. 71; Hendrickson, Adm'x, v. St. Louis & I. M. R.R., 34 Mo. 188; Lawrence v. Speed, 2 Bibb, 401; Webber v. Cox, 6 Monr. 110.)

ADAMS, Judge, delivered the opinion of the court.

This is ejectment for lands in Cole county. The plaintiff relied on the following title: 1. A patent from the United States to George B. Winston for the lands in dispute, bearing date 15th January, 1856. 2. George B. Winston, by title bond, sold the lands to George W. Jordan in 1858; and the purchase-money or a part of it remaining unpaid, George B. Winston brought suit in the Cole Circuit Court, in 1863, against said Jordan for the balance of the purchase-money and for foreclosure of his vendor's lien; and a final judgment was rendered therein in January, 1864, and an order in said judgment that the lands in controversy be sold on execution to pay the amount of the judgment and costs. Afterward, on the 11th of May, 1866, an execution

was issued on this judgment, and the lands in dispute levied on and sold under the same at the June term of the Cole Circuit Court, 1866, and the plaintiff became the purchaser, and took a deed from the sheriff; but the deed by mistake did not contain these lands, and therefore was excluded on the trial. Afterward, in 1870, the sheriff made a regular deed reciting the judgment, execution, etc., and acknowledged the same in open court, which acknowledgment was indorsed on the deed. This deed is dated a short time after the commencement of this suit, and was read in evidence against the objections of the defendants. The defendants also objected that notice of the sheriff's sale had not been published in a German newspaper as well as an American one, but the objections were overruled. The defendants then, to maintain their defense, read in evidence a sheriff's deed to E. L. King, reciting a judgment of February 12, 1869, in favor of William Chambers, for $1,675 for debt and damages against George B. Winston, and an execution of date June 19, 1869, and a levy of same on land in dispute, advertisement, etc., and sale on the 6th day of August, 1869, at which E. L. King became the purchaser, etc. This deed was executed by the sheriff on the 9th of August, 1869, and on the same day duly acknowledged in open court, and a certificate of such acknowledgment indorsed on the deed. The defendants then read the deed from King to them for the land he had bought at execution sale as above recited. Evidence was introduced conducing to show that King took possession of the premises under his sheriff's deed before he sold to defendants and delivered possession to them.

The plaintiffs then, by way of rebutter, introduced evidence conducing to show that at and before the time King bought at execution sale he had actual notice of plaintiffs' title, and that defendants, before they bought of King, in like manner had such notice. There was some conflicting testimony in regard to notice to these parties.

After the evidence was closed each party asked numerous instructions, some of which were given and others refused. Under the view we have taken of this case it is unnecessary to recite the instructions here.

There were some irregularities in entering up the judgment foreclosing the vendor's lien, and also in afterward issuing a general execution to carry this judgment into effect. But these irregularities cannot be noticed in a collateral proceeding like this. They are only such errors as could be looked into on a direct proceeding instituted by the proper party. These defendants are strangers to that record, and have no right here to call in question the alleged irregularities in that judgment and execution.

The same may be said in regard to the sheriff's proceedings. If he failed to advertise in a German newspaper, no one has any right to complain except the parties to the original judgment. At least, so far as we can see, the execution sale to Winston is good and cannot be attacked in that way in this ejectment.

The question of notice to King and the defendants holding under him was submitted to the court upon the evidence, and we are not at liberty to review the finding of that court when there is ample testimony to support it.

A sheriff's deed, although made after the commencement of a suit in ejectment, relates back to the sale so as to vest the title in the purchaser from that time. This relation back, however, is not allowed where the rights of strangers who are purchasers for a valuable consideration and without notice intervene. This was not the case with E. L. King and the defendants holding under him. The finding of the court is that they had notice of plaintiff's title. Therefore the sheriff's deed to plaintiff, as to them, related to the time of the sale and vested the legal title in him at that time.

We see no force in the objection that the legal title in these lands still remained in George B. Winston, notwithstanding the foreclosure of his vendor's lien by this execution sale. We think his title passed from him so that he cannot hereafter assert it. Nor can these defendants claiming under him. It is useless to inquire whether his title passed by estoppel or by the sale itself. It is sufficient to say that it has gone from him and his heirs and those holding under him with notice of the plaintiff's title.

We think the judgment is for the right party, and we do not feel at liberty to disturb it. Let it be affirmed. The other judges concur.